IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SAZERAC COMPANY, INC., a Louisiana corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| INTERCONTINENTAL PACKAGING COMPANY, a Minnesota corporation, d/b/a CROSBY LAKE SPIRITS COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) |

Case No.  3:14-CV-205-H

## COMPLAINT

1.      This is a Complaint for trademark and trade dress infringement arising out of the use by Defendant, Intercontinental Packaging Company ("IPCO" or "Defendant") of a trademark and trade dress that are confusingly similar to those of Plaintiff, Sazerac Company, Inc. ("Sazerac") on and in connection with the sale of a competing product that is distributed and sold through the same outlets and to the same purchasers as Sazerac's BUFFALO TRACE bourbon whiskey product.

## PARTIES

2.      Plaintiff, Sazerac is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

3.      On information and belief, Defendant, IPCO is a Minnesota corporation with a principal place of business in St. Paul, Minnesota.

4.     On information and belief, Defendant does business under the assumed name Crosby Lake Spirits Company ("CLSC").

## JURISDICTION AND VENUE

5.     This is an action for federal trademark and trade dress infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and common law trademark infringement in violation of Kentucky state law.

6.     This court has original jurisdiction over the federal trademark and trade dress infringement and unfair competition claims pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338.

7.     Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) as the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court has personal jurisdiction over IPCO for all of the following reasons: the Kentucky long-arm statute (KRS 454.210(2)(a)) reaches IPCO because Sazerac's claims arise from IPCO (1) "[c]ausing tortious injury by an act . . . in this Commonwealth"; (2) "[t]ransacting . . . business in this Commonwealth"; and (3) "[c]ontracting to supply . . . goods in this Commonwealth."   Further, IPCO has minimum contacts with Kentucky such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

9.     Venue is proper in the United States District Court for the Western District of Kentucky under 28 U.S.C. § 1391(b) because:  (1) Defendant's tortious conduct has occurred in this district; (2) Defendant conducts regular and systematic business in this district; and/or (3) a substantial part of the events or omissions giving rise to the claim occurred in this district.

-2-

## FACTS

10.     This case involves Defendant's willful trademark infringement of Sazerac's BUFFALO TRACE and related BUFFALO Marks, as well as Defendant's willful infringement of Sazerac's proprietary trade dress for its BUFFALO TRACE whiskey product.  Sazerac's claims arise out of Defendant's use of its confusingly similar BISON RIDGE mark and product packaging for a competing product.

### Sazerac and its BUFFALO Marks and BUFFALO TRACE Trade Dress

11.     Sazerac is a leading distiller of spirits and the namesake of America's first commercially promoted and sold cocktail – the Sazerac Cocktail.  Sazerac produces, bottles and/or distributes a variety of distilled spirits, including vodka, whiskeys, and liqueurs.  In particular, Sazerac produces, bottles and/or distributes numerous types of whiskeys, including American whiskey (bourbon, rye and other varieties), Scotch whisky, and Canadian whisky (collectively hereinafter, "whiskey").

12.     Sazerac is the parent company of Buffalo Trace Distillery, Inc., a Kentucky corporation with both its principal place of business and active distillery located in Frankfort, Kentucky.

13.     Buffalo Trace Distillery, operating under various names since 1787, is the longest continually-running distillery in the United States.  The distillery is located in Franklin County, Kentucky, on the banks of the Kentucky River.  During the prohibition era, the distillery was spared closure due to a rare government permit allowing distillation for medicinal purposes – one of only four such permits issued in the United States.  In 1984, the distillery became the first to commercially market single-barrel bourbon whiskey.  In 1999, the distillery was formally renamed Buffalo Trace Distillery.  The next year, the distillery became the first American

distillery to win Whisky Advocate's prestigious international "Distillery of the Year" award.
Since then, the distillery has continued to earn domestic and international accolades.  In July
2013, in recognition of its significance as a "rare, intact example of a distillery operating before,
during and after Prohibition with intact distillery resources," the U.S. National Park Service
named Buffalo Trace Distillery a National Historic Landmark.  A listing of awards for the
Buffalo Trace Distillery is attached hereto as Exhibit A.

14.     Sazerac distills, ages and bottles its BUFFALO TRACE whiskey at Buffalo Trace
Distillery in Frankfort, Kentucky.

15.     Sazerac has produced, marketed and distributed whiskey in interstate commerce
under the BUFFALO TRACE mark since at least as early as July 1999.

16.     The combination of elements on Sazerac's product packaging for its BUFFALO
TRACE whiskey is distinctive.  Sazerac's BUFFALO TRACE whiskey is golden brown in color
and is marketed in a clear bottle bearing a white "ripped" label that features a sketched rendering
of a standing, forward-facing buffalo (hereinafter, the "Buffalo Logo").  The name "BUFFALO
TRACE" is displayed below the Buffalo Logo in white font, accompanied by a gold line
outlining the front profile of a buffalo (hereinafter, the "Buffalo Outline") in between the words
"buffalo" and "trace."  This same Buffalo Outline is repeated around the circumference of the
bottle's neck label.  The distinctive appearance of the bottle and labels used to market
BUFFALO TRACE is referred to hereinafter as the "BUFFALO TRACE Trade Dress."  An
image of the BUFFALO TRACE Trade Dress is attached hereto as Exhibit B.

17.     The Buffalo Outline is also used on Sazerac's BUFFALO TRACE DISTILLERY
BOURBON CREAM product and is repeated around the circumference of the product's neck
label.  In addition, the Buffalo Outline is used on its own and in connection with the BUFFALO

-4-

TRACE DISTILLERY name on various distillery promotional materials and on the labels of other Sazerac distilled spirits products, including Sazerac's BUFFALO TRACE DISTILLERY WHITE DOG whiskey, BUFFALO TRACE DISTILLERY EXPERIMENTAL COLLECTION whiskey, and WHITE BUFFALO vodka.  Examples of such uses are attached hereto as Exhibit C.

18.     Sazerac's BUFFALO TRACE whiskey is marketed as a strong, mature and complex whiskey and is targeted to adult purchasers and adult consumers of alcoholic beverage products.

19.     Sazerac distributes its BUFFALO TRACE whiskey nationwide.

20.     The BUFFALO TRACE product, like the Buffalo Trace Distillery, is well known and highly regarded.  In the past year alone, Sazerac's BUFFALO TRACE whiskey was the recipient of a Silver Medal at the International Wine & Spirits Competition and a Bronze Medal at the Los Angeles International Wine & Spirits Competition.  Since its launch in 1999, BUFFALO TRACE whiskey has received over 50 awards, including but not limited to a Gold Medal for Best Bourbon from the TheFiftyBest.com, an Excellent/Strong Recommendation at the Ultimate Spirits Challenge and a Silver Medal at the San Francisco World Spirits Competition.  A listing of awards for BUFFALO TRACE whiskey is attached hereto as Exhibit D.

21.     Sazerac owns the following federal trademark registrations and application and for its BUFFALO TRACE mark and other BUFFALO-component marks (collectively, hereinafter, the "BUFFALO Marks"):

•       BUFFALO TRACE, U.S. Reg. No. 2294792, issued November 23, 1999 for "bourbon";

- BUFFALO TRACE And Design, U.S. Reg. No. 2622735, issued September 24, 2002 for "bourbon" and related marketing goods;

- Buffalo Logo, U.S. Reg. No. 2601650, issued July 30, 2002 for "bourbon" and related marketing goods;

- Buffalo Outline Logo, U.S. Reg. No. 2516318, issued December 11, 2001 for related marketing goods;

- Buffalo Ripped Label Design, U.S. Reg. No. 2476423, issued August 7, 2001 for "bourbon";

- BUFFALO TRACE DISTILLERY WHITE DOG, U.S. Reg. No. 3835562, issued August 17, 2010 for "whiskey;"

- WHITE BUFFALO, U.S. Reg. No. 4215557, issued September 25, 2012 for "vodka"; and

- WHITE BUFFALO, US. Serial No. 85249278, allowed June 28, 2011 for "whiskey."

Copies of these trademark registrations and application are attached hereto as Exhibit E. In addition to its federally-registered and applied-for marks, Sazerac owns common law rights in its BUFFALO Marks and BUFFALO TRACE Trade Dress for whiskey and related marketing goods.

## Defendant's Use of the BISON RIDGE Mark and Packaging

22. On information and belief, Defendant develops, produces, bottles and distributes alcoholic beverages under the assumed business name Crosby Lakes Spirits Company.

23. On information and belief, in August 2011 – more than a decade after Sazerac's first sale of its BUFFALO TRACE whiskey – Defendant introduced a whisky product designed to compete with that of Sazerac and adopted the confusingly similar BISON RIDGE mark and product packaging in order to pass off its own product as Sazerac's BUFFALO TRACE whiskey.

-6-

24.     On information and belief, Defendant is the record owner of U.S. Registration No. 4345407 for the mark BISON RIDGE for "[a]lcoholic beverages except beers or wines," and claims a date of first use in interstate commerce of August 29, 2011.

25.     On information and belief, Defendant's BISON RIDGE mark was not used in commerce prior to Sazerac's commencement of use of its BUFFALO Marks and BUFFALO TRACE Trade Dress in 1999.

26.     On information and belief, Defendant chose its BISON RIDGE mark and packaging to exploit and trade on the longstanding goodwill, reputation and success of Sazerac's BUFFALO TRACE product and to create a likelihood of consumer confusion in the marketplace.

27.     Defendant's BISON RIDGE mark and packaging are substantially similar to Sazerac's BUFFALO Marks and BUFFALO TRACE Trade Dress.  Each of the BISON RIDGE bottles prominently feature a sketched rendering of a standing, forward-facing buffalo, similar to the Buffalo Logo displayed on Sazerac's BUFFALO TRACE product packaging.  As with Sazerac's BUFFALO TRACE whiskey, BISON RIDGE whisky is golden brown in color and both of its products (BISON RIDGE BLENDED CANADIAN WHISKY and BISON RIDGE SPECIAL RESERVE CANADIAN WHISKY) are marketed in clear bottles featuring the same color combination of brown, white, and gold.  In addition, as with Sazerac's BUFFALO TRACE product packaging, the neck label on the 1.0 Liter and 1.5 Liter BISON RIDGE BLENDED CANADIAN WHISKY products incorporate an image of a forward-facing buffalo in gold situated in between and immediately above the words "BISON" and "RIDGE," which are displayed in white font.  Representative depictions of Defendant's BISON RIDGE product packaging are attached hereto as Exhibit F.

-7-

28.     On information and belief, Defendant also markets and promotes each of its BISON RIDGE whisky products with materials that prominently feature a sketched rendering of a standing, forward-facing buffalo like that of Sazerac's Buffalo Logo.  Examples of Defendant's promotional materials for its BISON RIDGE whisky are attached hereto as Exhibit G.

29.     Further, Defendant's use of the term "bison" in connection with its whisky product does not create a unique commercial impression because the term "bison" is used interchangeably with the term "buffalo."

30.     Accordingly, in light of the similarity in overall commercial impression between Defendant's BISON RIDGE mark and Sazerac's BUFFALO Marks, the BISON RIDGE mark is likely to give rise to confusion among consumers as to the source or sponsorship of Defendant's products.

31.     In addition, the similarity between the BISON RIDGE packaging and   Sazerac's BUFFALO TRACE Trade Dress is likely to give rise to confusion among consumers as to the source or sponsorship of Defendant's products.

32.     On information and belief, Defendant currently markets and distributes its BISON RIDGE whisky throughout the United States, including in the Commonwealth of Kentucky.

33.     On information and belief, Defendant currently markets and promotes its BISON RIDGE product to wholesalers, distributors, and retailers as a "North American Whiskey."  *See, e.g.,* Exhibit G.

34.     On information and belief, Sazerac's BUFFALO TRACE product and Defendant's BISON RIDGE product are competing, or will compete, in identical retail outlets – for example, liquor stores, bars, restaurants and online retail sites.  On further information and

belief, Defendant, like Sazerac, markets its BISON RIDGE product to adult consumers and adult purchasers of alcoholic beverage products.

35.     Sazerac's use and registration of the BUFFALO Marks long predates Defendant's use of the BISON RIDGE mark and product packaging and, on information and belief, Defendant's trademark and trade dress infringement is willful.

36.     Defendant had constructive knowledge of Sazerac's BUFFALO Marks based on Sazerac's federal registrations and application (*see* Exhibit E) and, on information and belief, Defendant had actual knowledge of Sazerac's whiskey and alcoholic beverage products sold under the BUFFALO Marks and BUFFALO TRACE Trade Dress at the time Defendant introduced its BISON RIDGE product.

37.     Defendant had actual knowledge of the BUFFALO Marks and BUFFALO TRACE Trade Dress at least as early as May  2013 when counsel for Sazerac sent a trademark cease and desist letter to Defendant.  A copy of the letter from L. Mayall, Counsel for Sazerac, to T. Simeroth of CLSC, dated May 2, 2013, is attached hereto as Exhibit H.

## CLAIMS AND CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF – TRADEMARK INFRINGEMENT
## <u>15 U.S.C. § 1114</u>

38.     Sazerac realleges Paragraphs 1 through 37 of the Complaint.

39.     Sazerac is the owner of U.S. trademark Registration Nos. 2294792, 2622735, 2601650, 2516318, 2476423, 3835562, and 4215557 and U.S. trademark Serial No. 85249278.

40.     Defendant is not authorized to use Sazerac's registered marks or any mark confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Sazerac.

41.     Defendant's use of its BISON RIDGE mark is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by, or are somehow affiliated with Sazerac.

42.     Defendant intentionally and knowingly infringes Sazerac's trademark rights.

43.     Upon information and belief, Defendant's infringing activities are likely to cause damage to Sazerac's hard-earned reputation and goodwill, and to divert sales and opportunities away from Sazerac and to Defendant.

44.     Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1114 and has caused irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF –
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

45.     Sazerac realleges Paragraphs 1 through 44 of the Complaint.

46.     Sazerac has been using one or more of its BUFFALO Marks on and in connection with whiskey in interstate commerce since 1999 and has developed substantial goodwill in these marks in Sazerac's common law territory, the entire United States, prior to Defendant's adoption and use of the BISON RIDGE mark in commerce.

47.     Defendant's use of its BISON RIDGE mark in interstate commerce in competition against Sazerac is likely to cause mistake, and/or to deceive as to an affiliation, connection or association of Defendant with Sazerac, and/or as to the origin, sponsorship and/or approval by Sazerac of Defendant's goods or commercial activities related to Defendant's whisky product.

-10-

48.     Defendant is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused Sazerac irreparable harm by the infringement and Sazerac has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF – FEDERAL TRADE DRESS INFRINGEMENT 15 U.S.C. §1125(a)

49.     Sazerac realleges Paragraphs 1 through 48 of the Complaint.

50.     Sazerac utilizes a distinctive trade dress, the BUFFALO TRACE Trade Dress, to market its BUFFALO TRACE whiskey product.

51.     Defendant is not authorized to use Sazerac's BUFFALO TRACE Trade Dress or any trade dress confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Sazerac.

52.     Defendant's use of its BISON RIDGE product packaging for whisky is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by or are somehow affiliated with Sazerac.

53.     Defendant intentionally and knowingly infringes Sazerac's trade dress rights.

54.     Defendant's infringing activities are likely to cause damage to Sazerac's hard-earned reputation and goodwill, and to divert sales and opportunities away from Sazerac and to Defendant.

55.     Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1125(a) and has caused irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF –**
**COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND**
**PASSING OFF**

56.     Sazerac realleges Paragraphs 1 through 55 of the Complaint.

57.     Sazerac owns common law trademark rights in its BUFFALO Marks and BUFFALO TRACE Trade Dress and all such rights owned by Sazerac are superior to any rights that the Defendant may claim to have in the BISON RIDGE mark and BISON RIDGE product packaging.

58.     Defendant's unauthorized use of the BUFFALO Marks and BUFFALO TRACE Trade Dress and/or confusingly similar variations thereof, in connection with the sale of whisky products is likely to cause confusion  as to the source or sponsorship of these goods, and likely to lead the public to believe that Sazerac is  affiliated with or sponsors or endorses Defendant and/or Defendant's products, and is likely to mislead persons in the ordinary course of purchasing Defendant's goods and induce them to believe they are purchasing genuine goods of Sazerac, thereby injuring the reputation and goodwill and unjustly diverting from Sazerac to Defendant the benefits arising therefrom.

59.     Defendant's unlawful activities constitute trademark infringement, unfair competition, and passing off as proscribed by the laws of the Commonwealth of Kentucky.

60.     Defendant's acts of trademark infringement, unfair competition, and passing off were committed and are continuing to be committed willfully, knowingly, intentionally and in bad faith.

61.     Defendant's acts of trademark infringement, unfair competition, and passing off, unless enjoined by this Court, will continue to cause Sazerac irreparable damage, loss, and injury for which Sazerac has no adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiff Sazerac Company, Inc. prays for the following:

A.      Defendant, its employees, representatives, and agents be enjoined from using the BISON RIDGE mark and BISON RIDGE product packaging, or any marks, designs or graphics confusingly similar to the BUFFALO Marks and/or BUFFALO TRACE Trade Dress in conjunction with the marketing, distribution, and sale of distilled spirits and related services;

B.      Defendant be ordered to publish for a period of not less than twelve months corrective advertising in all media in which the infringing mark and product packaging had been published, explaining to customers that Defendant and its BISON RIDGE mark and product were not and are not affiliated with or endorsed by Sazerac;

C.      Defendant's U.S. trademark Reg. No. 4345407 be cancelled;

D.      The Court grant any and all relief to which Sazerac may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, including treble damages and Sazerac's attorneys' fees;

E.      The Court grant any and all relief to which Sazerac may be entitled pursuant to state law and state common law, including enhanced damages and attorneys' fees;

F.      The costs of this action be taxed against Defendant; and

G.      The Court grant Sazerac such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Sazerac Company, Inc. demands trial to a jury on all issues so triable.


Dated:  February 27, 2014          By:     THE ZOPPOTH LAW FIRM

                                           /s/ Scott P. Zoppoth
                                           Scott P. Zoppoth
                                           601 West Main Street
                                           Suite 500
                                           Louisville, KY 40202
                                           Telephone:  (502) 568-8884
                                           Fax:  (502) 568-1319
                                           spz@zoplaw.com

                                           COOLEY LLP

                                           Janet L. Cullum
                                           1114 Avenue of the Americas
                                           New York, New York 10036-7798
                                           Telephone:  (212) 479-6000
                                           Fax:   (212) 479-6275
                                           /s/ jcullum@cooley.com
                                           (*pro hac vice* admission pending)

                                           Todd S. Bontemps
                                           3175 Hanover Street
                                           Palo Alto, California 94304-1130
                                           Telephone:  (650) 843-5000
                                           Fax:  (650) 849-7400
                                           /s/ tbontemps@cooley.com
                                           (*pro hac vice* admission pending)

885515 /SD

-14-